# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ALFRED KIRKHAM**                                                                          **PETITIONER**

**v.**                                             **No. 2:12CV103-NBB-JMV**

**JIM HOOD**                                                                              **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Alfred Kirkham for a writ of *habeas* corpus under 28 U.S.C. § 2254. The State has responded to the petition; Kirkham filed a traverse, and the State has responded to the traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Alfred Kirkham is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted in the Circuit Court of Bolivar County, Mississippi, of aggravated assault and sentenced twenty years incarceration. S.C.R., Vol. 2, pp. 115-119.

He appealed his conviction and sentence to the Mississippi Supreme Court, which assigned Kirkham's case to the court of appeals. Kirkham raised the following grounds for relief (as stated by Kirkham through counsel):

    I.    Whether comments made by the trial court during voir dire and throughout the trial were inappropriate and denied Appellant a fair trial.

    II.   Whether the trial court erred in not allowing the defendant to put on evidence of the witness/victim's reputation for violence.

The Mississippi Court of Appeals affirmed Kirkham's conviction and sentence. *Shephard v. State*,[1] 66

---

[1] The state appellate court considered both Shephard's and Kirkham's direct appeals in a single cause number and issued a joint opinion. Because Shephard's name was listed first in the

So.3d 687 (Miss. App. 2011), *reh'g. denied* June 21, 2011, *cert. denied* August 4, 2011 (Cause No. 2009-KA-00112-COA).

Kirkham then sought permission from the Mississippi Supreme Court to proceed in the trial court with a petition for post-conviction collateral relief, raising the following grounds for relief (as summarized by the court):

I. Whether Kirkham should have been read a *Miranda* warning prior to giving his written statement to law enforcement.

II. Whether Kirkham was denied a fundamental right to an initial appearance under U.R.C.C.C. 6.03 and 6.04.

III. Whether Kirkham was denied his constitutional and statutory right to a speedy trial.

IV. Whether Kirkham's trial counsel was ineffective for:

A. Failing to call witnesses that Kirkham wished to testify and failing to adequately investigate and prepare the witnesses that were called.

B. Failing to inform Kirkham when his constitutional right to a speedy trial attached.

C. Failing to subject to the State's case to meaningful adversarial testing.

D. Failing to adequately investigate "all of the information relating to [Kirkham's] innocence."

E. Failure to file a motion to dismiss the case due the alleged denial of a timely initial appearance, and failing to argue that the alleged denial of a timely initial appearance warranted the suppression of confessions.

F. Failure to question witnesses about inconsistencies between their out-of-court and in-court statements.

V. Whether cumulative error denied Kirkham a fundamentally fair trial.

The Mississippi Supreme Court denied Kirkham's application, holding in relevant part:

---

caption of that case, the citation for Kirkham's case bears Shephard's name. *See* The Bluebook: A Uniform System of Citation R. 10.2.1, at 56 (Columbia Law Review Ass'n et al. Eds., 15th ed.1991).

> After due consideration the panel finds that Petitioner's claims of ineffective assistance
> of counsel do not meet the standard in *Strickland v. Washington*, 466 U.S. 668 (1984).
> The remainder of Petitioner's claims are not supported by the record or could have
> been raised at trial or on direct appeal. Petitioner has not made a substantial showing
> of the denial of a state or federal right. The Application for Leave to Proceed in Trial
> Court should be denied.

*Kirkham v. State of Mississippi*, 2012-M-00048 (Miss. S. Ct.) (order of March 2, 2012).

Following the Mississippi Supreme Court's of his claims, Kirkham filed a petition for writ of *habeas corpus* under. 28 U.S.C. § 2254 in this court, raising the following grounds for relief (summarized by the court):

Ground One: Whether certain comments made by the trial judge during both voir dire and the trial itself were inappropriate and served to deny Kirkham a fundamentally fair trial?

Ground Two: Whether the trial court erred in denying Kirkham the opportunity to present evidence of the victim's reputation for violence?

Ground Three: Whether Kirkham should have been read his *Miranda* rights prior to giving law enforcement a written statement?

Ground Four: Whether Kirkham was denied a fundamental right to an initial appearance under U.R.C.C.C. 6.03 and 6.04?

Ground Five: Whether Kirkham was denied his constitutional and statutory right to a speedy trial?

Ground Six: Whether Kirkham's trial counsel was constitutional ineffective for failing to call the witnesses Kirkham wished to testify and failing to "investigate or locate and prepare the ones he didn't't call?"

Ground Seven: Whether cumulative error denied Kirkham a fundamentally fair trial.

### The Doctrines of Procedural Default and Procedural Bar: Grounds 3, 4, 5, and 7

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly,

federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.2012). Thus, a federal court may not consider a *habeas corpus* claim when, " (1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ⸺ U.S. ⸺, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*,

981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

### On Direct Appeal, the Mississippi Supreme Court Dismissed Grounds Three, Four, Five, and Seven as Procedurally Barred

On direct appeal, the Mississippi Supreme Court dismissed Kirkham's claims in Grounds Three (failure to issue *Miranda* warnings), Four (failure to ensure initial appearance), Five (failure to provide speedy trial), and Seven (trial was fundamentally unfair) as procedurally barred under Miss. Code Ann. § 99-39-21(1), which reads:

> Failure by a prisoner to raise objection, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

On direct appeal, the Mississippi Supreme Court first held that Kirkham's claims regarding ineffective assistance of counsel did not meet the standard under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). None of Kirkham's claim in Grounds Three, Four, Five, and Seven involve ineffective

assistance of counsel. However, as to the issues Grounds Three, Four, Five, and Seven of the instant petition, the Mississippi Supreme Court held that, "[t]he remainder of Petitioner's claims are not supported by the record or *could have been raised at trial or on direct appeal*." State Court Record ("SCR"), Vol. 7, p. 1 (order denying Kirkham's Application for Leave to Proceed in Trial Court) (emphasis added). Though the Mississippi Supreme Court did not specify that its denial was based upon Miss. Code Ann. § 99-39-21(1), reason for the denial clearly tracked the language of that section.

Miss. Code Ann. § 99-39-21(1) is a state procedural bar independent from the merits of federal *habeas corpus* ground for relief. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Kirkham bears the burden of proving that § 99-39-21(1) is inadequate; however, he has not done so because he has provided no proof that the Mississippi Supreme Court fails to strictly or regularly apply it. As such, Kirkham cannot overcome the procedural bar through a showing of cause and prejudice.

Similarly, Kirkham has not made a valid claim that a fundamental miscarriage of justice would occur if the court were to apply the procedural bar. In Ground Two Kirkham has arguably alleged that he is actually innocent of the crime of his conviction (aggravated assault) by stating that his attorney should have explored whether the victim has a reputation for violence in the community. Kirkham thus argues that the jury could have found him not guilty based upon his assertion that he acted in self-defense. He has not, however, provided any proof of this theory. Certainly he has not supported his allegations with new, reliable evidence – that was not presented at trial – and has not shown that "more likely than not[, ] no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Indeed, the trial transcript reveals that, though Kirkham did not put on evidence that his victim had a reputation for violence *in the*

*community*, Kirkham testified that the victim had a reputation for violence *against Kirkham, himself* – and even tried to run him off the road in a previous encounter. SCR, Vol. 4, p. 190. Certainly, this testimony presented the jury with evidence which, if believed, could have led to an acquittal based upon a theory of self-defense.

In any event, this court may not review the issue because it is simply a challenge to the state court's ruling on the admissibility of evidence – and is merely an issue of state law. "A state court's evidentiary rulings present cognizable *habeas* claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). Thus, when reviewing state court rulings on admissibility of evidence, a federal court may only decide "'whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted); *see also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999). The "erroneous admission of prejudicial testimony does not justify *habeas* relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson,* 194 F.3d at 656. The trial court's decision to exclude evidence of the victim's propensity for violence in the community does not rise to that level, especially given Kirkham's testimony regarding the acrimony between them and the victim's alleged attempt to run Kirkham off the road. Thus, Kirkham has not shown that a fundamental miscarriage of justice would occur if the court applied the procedural bar. For these reasons, Kirkham's claims in Grounds Three, Four, Five, and Seven will be dismissed as procedurally barred.

**Grounds One, Two, and Six: Decided on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds One, Two, and Six on the merits and decided those issues against the petitioner; hence, these claims are barred from

*habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be

*objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, and Six of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One: Improper Comments by the Trial Judge**

In Ground One, Kirkham argues that the trial judge made improper comments – which evoked laughter from the jury – both during *voir dire* and the trial itself, which served to deprive him of his right to a fair trial. Kirkham has not, however, specified which judicial comments he challenges, stating only:

> Beginning in *voir dire* and continuing throughout the proceedings, the trial court induced laughter from the courtroom. During the court's *voir dire*, there was laughter reported in the record in ten instances. Although a cold record does not explain the basis for the jocularity, some instances were clearly a response to the court's comments.

ECF doc. 1, pg. 6. However, Kirkham challenged several specific comments on direct appeal, which the Mississippi Court of Appeals addressed. The court has identified several instances where the court or counsel made comments causing the jury (or venire) to laugh. During *voir*

- 9 -

*dire*, the trial court engaged in this exchange with a juror, who indicated that she knew one of the attorneys:

  Court:      Do you go to her home or are y'all personal friends?

  Prospective Juror:  Sometimes.

    (laughter)

  Court:      Are you sometimes personal friends or sometimes go to the home? I'm not sure.

    (laughter)

SCR, Vol. 3, p. 13. The court also engaged in an exchange with another potential juror:

  Court:      How do you know Ms. Shepard?

  Prospective Juror:  A friend of mine used to talk to her, used to date her.

  Court:      A friend of yours used to talk to her?

  Prospective Juror:  Yeah.

    (laughter)

  Court:      Tresa [sic], the slang is getting different than when we grew up.

    (laughter)

SCR, Vol. 3, p. 20-21. Further along in *voir dire*, the trial court asked potential jurors if they had served on a jury before, and stated:

  Court:   Bill went to high school with us, too. Didn't he Tresa [sic]

    (laughter)

SCR., Vol. 3, p. 39. Then, counsel for Kirkham's codefendant engaged in the following exchange with the potential jurors:

  Counsel:  How many of you have a weapon or some type of personal protection? A pocket knife, a gun, something of that nature? If you have a gun or pocket knife not only right now, but if you possess one, raise your

>           hand.
>
>       (laughter)
>
>   Court:      I don't know.  We might need to know if they have one on them.
>
>       (laughter)

SCR, Vol. 3, p. 42.  Once the trial had begun, Kirkham's counsel asked the trial court if he could have the defendant stand near the witness (the victim, Curry) so the jury could see how much larger Curry was than Kirkham:

>   Counsel:    Stand right there.
>
>   Court:      Deputy get up here.  Charlie.  Don't get 'em too close together.
>
>       (laughter)

SCR, Vol. 3, p. 85.  At the close of the State's proof, counsel for the co-defendant, Ms. Shephard, argued that she could not be charged with a crime and the court should direct a verdict in her favor:

>   Counsel:    . . . But your Honor in this case she's charged with aiding and abetting a crime.  If even taking the facts as true that she passed a weapon at that time, that's not criminal because it was based on a situation where it would have been reasonable for her to pass him a gun to protect himself if he deemed it necessary.
>
>   Court:      What planet do you live on?
>
>   Ms. Mitchell:   (laughing)
>
>   Court:      Denied.

SCR, Vol. 3, p. 145.

The Mississippi Court of Appeals found that, while some of the challenged comments had been unnecessary, "we cannot conclude that the cumulative or aggregate effect of the circuit judge's comments eroded Kirkham's right to a fair trial.  As in *McKinney* [*v. State*, 26 So.3d 1065 (Miss. App. 2009)], we can find no instance in which the circuit judge 'made light of the

proceedings or joked at the defendant's expense.'" *Shephard*, 66 So.3d at 691.[2] The Fifth Circuit Court of Appeals has held that, even tasteless and unnecessary judicial comments do not automatically establish bias or prejudice. *Nichols v. Scott*, 69 F.3d 1255, 1277 (5th Cir. 1995). The *Nichols* Court cited to the U.S. Supreme Court's holding that "'judicial remarks during the course of a trial that are . . . disapproving of, or even hostile to, . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge' unless "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Id.*, citing *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). The comments above simply do not rise to that level. As such, the state court's decision holding that the comments did not deprive Kirkham of a fundamentally fair trial was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Hence, Kirkham's claim in Ground One regarding comments by the trial judge will be denied.

**Ground Two: Evidence of Victim's Propensity for Violence**

In Ground Two, Kirkham complains that the trial judge did not allow him to present evidence of the victim's reputation for violence. On direct examination, Kirkham's attorney asked Kirkham about the victim's reputation in the community for peacefulness, and the State objected. S.C.R., Vol. 4, pg. 189. A bench conference was held, at which point Kirkham's counsel

---

[2] Kirkham, on appeal, also challenged several other comments made by the trial judge, which were not attempts at humor. The Mississippi Court of Appeals found these allegations to be procedurally barred. In the instant petition, Kirkham made clear that he takes issue only with the comments that were followed by a notation of laughter in the courtroom; as such, the court has limited its analysis to these comments.

stated that the victim had a reputation for violence. S.C.R., Vol. 4, pg. 190. The State again objected, and the defense made clear that they were not attempting to go into the "other that the Court said not to go into." S.C.R., Vol. 4, pg. 190. Trial counsel was referring to the trial court's earlier decision that "[w]e are going to exclude the mention of gangs unless it becomes relevant through other evidence." S.C.R., Vol. 3, pg. 114. The State argued that Kirkham's state of mind had already been presented to the jury, and pointed out that it was Kirkham's opinion of the victim's capacity for violence, rather than the community's, which was relevant to a self-defense claim. S.C.R., Vol. 4, pg. 190. The trial judge then recalled that Kirkham had already testified regarding an argument he had with the victim during which Kirkham claimed that, when he was driving down the road on his motorcycle, the victim ran him off the road using a car. S.C.R., Vol. 4, pg. 190. The trial judge stated, "I think it's a [M.R.E.] 403 problem for you. I mean, you are just stretching it."3 S.C.R., Vol. 4, pg. 190.

A claim challenging the state court's ruling on the admissibility of certain evidence under state law is precluded from review by this Court, because the rulings of state courts on evidentiary matters are solely issues of state law. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). As such, "in reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due

---

<sup>3</sup> M.R.E. 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted); *see also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999). The "erroneous admission of prejudicial testimony does not justify *habeas* relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson v. Johnson,* 194 F.3d at 656.

The Mississippi Court of Appeals considered this issue on direct appeal and held:

This Court has held that:

> when the defendant claims to have acted preemptively to protect himself from a feared by yet-unrealized attack, the defendant's knowledge concerning the victim's character for aggressive behavior may be relevant to permit the jury to assess the reasonableness of the defendant's response to what might otherwise appear as an overreaction against the victim.

*Sheffield v. State*, 844 So.2d 519, 522 (¶ 6) (Miss.Ct.App.2003). However, the defendant in *Sheffield*, "made no proffer as to what the particulars of Sheffield's testimony might have been had he been allowed to continue." *Id.* Similarly, there was no proffer of what Kirkham's testimony might have been had Kirkham been allowed to continue. The record is simply silent on whether Kirkham knew, at the time of the shooting, Curry's reputation for peacefulness or violence in the community and, if so, whether it was good or bad.

Regarding the proper predicate to such testimony, this Court has held as follows:

> it is essential that the proper predicate be laid for the admissibility of evidence of the victim's propensity for violence, *i.e.*, that the defendant was actually aware of the victim's character so that this prior knowledge colored the defendant's decision regarding the necessity of violent physical effort to avoid an anticipated attack. This is so because of the obvious proposition that, if the defendant was not actually aware of the victim's reputation for violent behavior, there was no reasoned basis to utilize force that, in the ordinary circumstance, would appear excessive and unjustified.

*Id.* Mississippi Rule of Evidence 103(a)(2) states that; "[E]rror may not be predicated upon a ruling which . . . excludes evidence unless a

> substantial right of the party is affected, and . . . the substance of the
> evidence was made known to the court by offer or was apparent from the
> context within which questions were asked." Based on the lack of a
> proffer in the record, we cannot conclude that the circuit judge abused its
> discretion. *Id.* Accordingly, we find no merit to this issue.

*Shephard,* 66 So.3d at 693. Kirkham made no proffer of the evidence he wished to introduce; nor did he challenge his attorney's decision not to make such a proffer; as such, the Mississippi Court of Appeals' decision was correct under state law. Even if evidence of the victim's *general* propensity for violence had been relevant, the jury heard testimony regarding the prior argument between Kirkham and the victim, including the victim's attempt to run Kirkham off the road. As the jury heard evidence of the victim's ill will towards Kirkham – including the victim's alleged attempt to run him off the road – this example of the victim's *specific* propensity for violence against Kirkham would greatly mitigate any potential prejudice to Kirkham's defense from the court's decision not to admit evidence of the victim's propensity for violence, generally. The probative effect of the proposed testimony was extremely limited – and was easily outweighed by the potential prejudice of the jury finding the victim had acted in conformity with a propensity for violence. As such, the trial court's decision to exclude that testimony did not violate a constitutional right or render Kirkham's trial fundamentally unfair under *Johnson, supra.* Thus, the appellate court's decision to reject this claim was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. As such, Kirkham's claim for relief in Ground Two of the instant petition will be denied.

**Failure to Investigate and Call Certain Witnesses: Ground Six**

In Ground Six, Kirkham argues that trial counsel was constitutionally ineffective for failing to call the witnesses he wished to testify – and for failing to "investigate or locate and prepare the ones he didn't call." Kirkham has not specified which witnesses trial counsel should have called or what further investigation or preparation would have been necessary to his defense. Under Fifth Circuit law:

> [C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal *habeas* proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial we [can find] no merit to these [claims]." *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).

*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Therefore, these conclusory allegations are not valid claims before this Court.

In addition:

> "[c]omplaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative. [Citation omitted.] Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir.1986). *See also Marler v. Blackburn,* 777 F.2d 1007, 1010 (5th Cir.1985); *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir.1984); *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir.1983); *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir.1978).

*Sayre v. Anderson,* 238 F.3d 631, 635-636 (5th Cir. 2001). Thus, the Mississippi Supreme Court was correct rejecting Kirkham's ineffective assistance of counsel claim on post-conviction collateral review. The supreme court's holding was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. As such, Kirkham's claims of ineffective assistance of

counsel in Ground Six will be denied.

Federal courts must defer to state court decisions on claims adjudicated on the merits in the state court. 28 U.S.C. § 2254(d). Under the Antiterrorism and Effective Death Penalty Act, a federal court will not disturb a state court's application of law to facts unless the decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. As discussed above, a review of the state courts' findings as to the Grounds One, Two, and Six, the state court's rejection of Kirkham's claims did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d at 421 (5th Cir. 2002). Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. As such, Kirkham's claim in Grounds One, Two, and Six are without merit and will be denied.

## Conclusion

In sum, Alfred Kirkham's claims for *habeas corpus* relief in Grounds Three, Four, Five, and Seven will be dismissed as procedurally barred, and his claims for relief in Grounds One, Two, and Six will be denied because they were decided on the merits in state court. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of April, 2015.

*/s/ Neal Biggers*
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE